# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ALLIED SYSTEMS HOLDINGS INC., et al.,<br><br>Debtors, | Bank. No. 12-11564-CSS |
| OFFICIAL COMMITTEE OF UNSECURED CREDITROS OF ALLIED SYSTEMS HOLDINGS INC., et al.,<br><br>Plaintiff,<br><br>v.<br><br>Mark Gendregske,<br><br>Defendant. | Civ. No. 13-1010-SLR<br><br>Adv. No. 13-50530-CSS<br><br>Ref. D.I. 34 |
| BLACK DIAMOND CLO 2005-1 LTD., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, LP, et al.,<br><br>Defendants. | Civ. No. 15-256-SLR<br><br>Adv. No. 14-50971-CSS<br><br>Ref. D.I. 19 |

### THE YUCAIPA DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S NOVEMBER 13, 2015 ORDER

Yucaipa American Alliance Fund I, L.P., Yucaipa American Alliance (Parallel) Fund I, L.P. ("Yucaipa"), Jos Opdeweegh, Derex Walker, Jeff Pelletier, Ira Tochner, and Joseph Tomzcak (the "Director Defendants," and with Yucaipa, the "Yucaipa Defendants") respectfully seek clarification of this Court's Order dated November 13, 2015 (the "Order") entered in Civ. No. 13-1010-SLR [D.I. 34] and Civ. No. 15-256-SLR [D.I. 19], which (a) denies the Yucaipa's Defendants' motion to withdraw the reference of the BD/S Adversary Action

(Adv. No. 14-50971), and (b) denies Yucaipa's motion for leave to pursue an interlocutory appeal from an order dismissing Yucaipa's equitable subordination counterclaim in the BD/S Adversary Action.  Yucaipa requests that this Court exercise its broad discretion to clarify two specific points.[1]

*First*, the Order states that Court intends to avoid "piecemeal litigation" by having "the entire dispute" resolved by the bankruptcy court "in the first instance."  (Order at 3.)  The Order also states that the claims against Defendant Gendregske in a related adversary proceeding involving claims identical to those asserted against the Director Defendants (the Committee Adversary Action, Adv. No. 13-50530), are referred back to the bankruptcy court only "through the summary judgment motion practice" in order "[t]o be more consistent" with the proceedings in the BD/S Adversary Action.  (Order at 3.)

In light of the reference to both the "entire dispute," and "summary judgment motion practice," and given the stated desire for "consistency[]" and avoiding "piecemeal litigation," the Yucaipa Defendants ask for clarification of whether the Court intended either (a) that the bankruptcy court would handle both summary judgment motion practice and any trial in the BD/S Adversary Action, or (b) that the bankruptcy court would handle the BD/S Adversary Action only through summary judgment, at which point the reference would be withdrawn for trial (for the sake of consistency with the proceedings against Defendant Gendregske).  If the answer is (b), then the Yucaipa Defendants also seek clarification as to whether the parties would

---

[1] A court has broad discretion to clarify its own orders, and motions for clarification are proper when one or both parties seek clarification as to some aspect of an order.  *See Pub. Interest Research Grp. of N.J. Inc. v. Hercules, Inc.*, 907 F. Supp. 363, 364 (D.N.J. 1997) ("Because the court's order apparently caused some confusion . . . plaintiffs' motion for clarification is appropriate . . . ."); *see also Engers v. AT&T Corp.*, No. 98-3660, 2006 WL 3359722, at *1, *5 (D.N.J. Nov. 20, 2006).

2

need to renew their motions to withdraw the reference following summary judgment, or whether the reference will automatically be withdrawn at that point.

***Second***, assuming for the sake of argument that the answer to the question above is (a)—namely, that the BD/S Adversary Action is to remain in the bankruptcy court through trial—then the Yucaipa Defendants also seek clarification as to the effect of that ruling on the non-core claims against Yucaipa and the individual Director Defendants, who have unequivocally asserted their rights to a jury trial in the BD/S Adversary Action.[2]

As the Court alluded to during the October 16 hearing, absent the express consent of all parties, "[a] bankruptcy court cannot conduct a jury trial in a non-core proceeding." *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990). Accordingly, Yucaipa and the Director Defendants seek clarification that if the non-core claims against them in the BD/S Adversary Action survive summary judgment, then the reference will be withdrawn for trial in accordance with their Seventh Amendment rights (which presumably would mean a separate trial in the bankruptcy court, after the jury trial, for the related core claims against Yucaipa).

WHEREFORE, the Yucaipa Defendants respectfully request that the Court enter an order clarifying its Order dated November 13, 2015.

---

[2] BD/S and the Committee contend that the Director Defendants waived their right to a jury trial in the Committee Adversary Action. Even if that were correct (it is not), there is no dispute that the Director Defendants expressly invoked their jury trial rights in the BD/S Adversary Action. And as this Court correctly observed, both proceedings "involve at least some overlapping claims and certainly involve overlapping facts." (Order at 3.) When, as here, there are factual issues common to jury and non-jury claims, the Seventh Amendment requires that the jury claims "must be determined prior to any final court determination" of the non-jury claims. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1972). Accordingly, a jury must decide the factual issues in the claims against the Director Defendants in the BD/S Adversary Action—including the factual issues that overlap with the claims in the Committee Adversary Action—before the bankruptcy court or any other court would be able to conduct a bench trial on any non-jury claims.

**D. DEL. L.R. 7.1.1 STATEMENT**

The undersigned counsel for Yucaipa hereby certifies in accordance with Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware that reasonable efforts under the circumstances were made to reach an agreement with the other parties in the above-captioned actions with respect to the subject matter of this motion.  No agreement was reached and counsel for such parties indicated they do not consent to the relief requested by the motion.

Dated: December 8, 2015

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Edmon L. Morton*

Michael R. Nestor (No. 3526)
Edmon L. Morton (No. 3856)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, DE  19801
Telephone: (302) 571-6600
mnestor@ycst.com

- and-

GIBSON, DUNN & CRUTCHER LLP
Maurice M. Suh (*Pro Hac Vice*)
Robert A. Klyman (*Pro Hac Vice*)
Kahn Scolnick (*Pro Hac Vice*)
333 South Grand Avenue
Los Angeles, CA  90071
Telephone: (213) 229-7000
MSuh@gibsondunn.com

*Attorneys for Appellants-Defendants
Yucaipa American Alliance Fund I, L.P., and
Yucaipa American Alliance (Parallel) Fund I, L.P.*